# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Savoeung Leang,  :
                    Appellant  :
                               :
          v.                   :
                               :
Commonwealth of Pennsylvania,  :
Department of Transportation,  :  No. 1213 C.D. 2017
Bureau of Driver Licensing     :  Submitted: November 15, 2018


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                    FILED: December 4, 2018


Savoeung Leang (Licensee) appeals from the Montgomery County Common Pleas Court's (trial court) August 18, 2017 order denying Licensee's appeal from her license suspension under Section 1547(b)(1)(i) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1)(i), commonly referred to as the Implied Consent Law.[1] Licensee presents two issues for this Court's review: (1) whether Licensee was warned in accordance with Section 1547(b)(2)(ii) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(2)(ii),[2] that her refusal to submit to a blood test would subject her to enhanced criminal penalties under Section 3804(c) of the Vehicle Code, 75 Pa.C.S. § 3804(c);[3] and (2) whether this Court's *en banc* decision in *Garlick v. Department of*

---

[1] The Implied Consent Law was amended in 2017, effective January 20, 2018.

[2] Herein, references to Section 1547(b)(2)(ii) of the Vehicle Code, are to this provision before it was amended effective July 20, 2017.

[3] Herein, references to Section 3804(c) of the Vehicle Code, are to this provision before it was amended effective July 20, 2017.

*Transportation, Bureau of Licensing*, 176 A.3d 1030 (Pa. Cmwlth. 2018), should be overruled.  After review, we affirm.

On January 10, 2017, at approximately 1:00 a.m., Abington Township Police Officer Ryan Patrick Brown (Officer Brown) stopped Licensee for suspicion of driving under the influence of alcohol or a controlled substance.  Although Officer Brown did not immediately detect alcohol on Licensee's breath, Licensee appeared confused and unaware of her surroundings.  Licensee informed Officer Brown that she was diabetic and her blood sugar was low, and Officer Brown observed that Licensee's eyes had a glazed appearance.  Officer Brown requested an ambulance as he had done in other diabetic emergency cases.  When the ambulance arrived, Licensee told the paramedics that she was not diabetic, and had consumed alcohol.  Officer Brown informed Licensee that she would undergo standard field sobriety tests.

Officer Brown conducted a pre-exit test, followed by three additional tests.  Licensee displayed poor balance as she exited her vehicle and, as Officer Brown explained and spoke with Licensee during each test, he detected the odor of alcohol on her breath.  Licensee failed the field sobriety tests.  Officer Brown placed Licensee into custody for suspected driving under the influence, and she was taken to the hospital where Officer Brown asked for Licensee's blood to be drawn.

Officer Brown read verbatim the warnings set forth on the Pennsylvania Department of Transportation's (DOT) DL-26B (6-16) (DL-26B Form) to Licensee.  The DL-26B Form had been revised after *Birchfield v. North Dakota*,  ___ U.S. ___, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016), to omit reference to the enhanced criminal sanctions for refusing to submit to a blood test.  Licensee also requested to read the DL-26B Form herself.  The DL-26B Form states:

2

1. You are under arrest for driving under the influence of alcohol or a controlled substance in violation of Section 3802 of the Vehicle Code.

2. I am requesting that you submit to a chemical test of blood.

3. If you refuse to submit to the blood test, your operating privilege will be suspended for at least 12 months. If you previously refused a chemical test or were previously convicted of driving under the influence, you will be suspended for up to 18 months.

4. You have no right to speak with an attorney or anyone else before deciding whether to submit to testing. If you request to speak with an attorney or anyone else after being provided these warnings or you remain silent when asked to submit to a blood test, you will have refused the test.

Reproduced Record (R.R.) at 52a. The DL-26B Form omitted the information required by Section 1547(b)(2)(ii) of the Vehicle Code before its 2017 amendment, that a licensee would face the criminal penalties set forth in Section 3804(c) of the Vehicle Code, if she refused the blood test. Section 1547(b)(2)(ii) of the Vehicle Code was amended effective July 20, 2017 as a result of *Birchfield's* holding that the enhanced penalties for refusing a blood test were unconstitutional. However, the 2017 amendment to Section 1547(b)(2)(ii) of the Vehicle Code retained the requirement that a police officer must notify a licensee that her license could be suspended if she refused, but omitted the Section 3804(c) of the Vehicle Code criminal penalties for refusal to submit to chemical blood testing.[4]

After being read and reading the DL-26B Form, Licensee refused to submit to chemical testing of her blood. Officer Brown signed and dated the DL-26B Form beneath the written warnings certifying that he had read them to Licensee and given her an opportunity to submit to a blood test, and that she refused to sign the form. *See* R.R. at 52a. He also signed an affidavit beneath the DL-26B Form

---

[4] *Birchfield* did not prohibit enhancement of criminal penalties for breath testing.

3

warnings attesting that Licensee had been arrested for driving under the influence of alcohol or controlled substance in violation of Section 3802 of the Vehicle Code, that there were reasonable grounds to believe that Licensee had been driving, operating or in actual physical control of the movement of a vehicle while in violation of Section 3802 of the Vehicle Code, that Licensee had been read the chemical test warnings quoted above, and Licensee had refused to submit to a blood test after being read the warnings. *See id.* Officer Brown transmitted the DL-26B Form with the affidavit of Licensee's refusal to DOT, which issued the notice suspending her license under Section 1547(b)(2)(ii) of the Vehicle Code (all of which occurred before the effective date of its 2017 amendment on July 20, 2017). Licensee appealed from the license suspension to the trial court. On August 18, 2017, the trial court denied her appeal. Licensee appealed to this Court.[5]

Licensee first argues that she was not warned in accordance with Section 1547(b)(2)(ii) of the Vehicle Code that her refusal to submit to a blood test would subject her to enhanced criminal penalties under Section 3804(c) of the Vehicle Code, because the revised warnings were read to her after *Birchfield* was decided (June 23, 2016), but before Section 1547(b)(2)(ii) and Section 3804(c) of the Vehicle Code were amended (July 20, 2017). This exact argument was raised in *Garlick*, wherein an *en banc* panel of this Court held:

> To put it simply, [the l]icensee's argument encourages officers to violate licensees' Fourth Amendment rights thereby jeopardizing their criminal prosecutions in order to comply with Section 1547(b)(2)(ii) [of the Vehicle Code] even though the criminal penalty in the warning is no longer enforceable and, therefore, no longer a consequence of

---

[5] "Our standard of review in a license suspension case is to determine whether the factual findings of the trial court are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion." *Gammer v. Dep't of Transp., Bureau of Driver Licensing*, 995 A.2d 380, 383 n.3 (Pa. Cmwlth. 2010).

4

refusing a blood test. We cannot countenance such an argument.

Given our review of the current state of the law, [the l]icensee's argument that h[er] license must be reinstated because [s]he was not warned that [s]he would be subject to no longer constitutionally[-]permissible enhanced criminal penalties for refusing blood testing is unpersuasive. [The state t]rooper specifically and accurately warned [the l]icensee about the consequences of refusing a blood test that remain following *Birchfield* that is, the suspension of h[er] license. Therefore, common pleas [court] did not err when it denied [the l]icensee's appeal.

*Garlick*, 176 A.3d at 1037-38 (footnote omitted). Accordingly, the trial court did not err by denying Licensee's license suspension appeal.

Licensee next contends that this Court should overrule *Garlick*[6] because the *Birchfield* decision did not remove Officer Brown's obligation to provide her with the statutorily-required warnings concerning the enhanced criminal penalties which at that time were not yet amended.[7] Licensee specifically asserts that this Court erred by condoning Officer Brown's elimination of statutorily-required warnings. As Licensee has not raised any arguments not previously considered by the *en banc* panel in *Garlick*, this Court need not revisit them here.

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge


Judge Cohn Jubelirer did not participate in the decision in this case.

_____

[6] *Garlick* was decided after the trial court rendered its decision in the instant case.

[7] Licensee states that this issue is raised "to preserve it for review by the Pennsylvania Supreme Court." Licensee Br. at 17.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Savoeung Leang, :
                      Appellant :
                      :
          v. :
                      :
Commonwealth of Pennsylvania, :
Department of Transportation, : No. 1213 C.D. 2017
Bureau of Driver Licensing :

## O R D E R

AND NOW, this 4th day of December, 2018, the Montgomery County Common Pleas Court's August 18, 2017 order is affirmed.

_____
ANNE E. COVEY, Judge